# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **FREDDIE C. GADDIS** | * | **CIVIL ACTION NO. 05-0277** |
| **VERSUS** | * | **JUDGE JAMES** |
| **JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Plaintiff, Freddie C. Gaddis ("Gaddis"), appeals from a decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") benefits. The appeal was referred to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons given below, it is recommended that the decision of the Commissioner be **AFFIRMED, and this matter dismissed with prejudice.**

Introduction

Gaddis, a pro se claimant who is currently fifty-three years old[1], applied for SSI benefits for the period between June 7, 2001, through October 29, 2004.[2] He has a high school education, but only limited work experience as an inventory auditor and corrections officer.[3] Tr.

---

[1] Gaddis does not allege, and the undersigned does not find, that he was denied representation or uninformed of his right to counsel.

[2] In his application, Gaddis initially claimed April 10, 1997, as the onset date. The Administrative Law Judge ("ALJ"), however, explained that, due to Gaddis' pending appeal of the denial of his prior application for benefits, review was limited to the time period between the final decision on the prior application, June 7, 2001, through October 29, 2004. Gaddis does not challenge the ALJ's decision on this issue.

[3] Although not completely clear from his brief, Gaddis alleges that the ALJ erred in concluding, without the aid of a vocational expert, that he could perform his past relevant work as an inventory auditor. Pl.'s Br., p.3-4. The ALJ, however, made no such conclusion and, in fact, found that Gaddis had no past relevant work. If Gaddis means to challenge this finding, his

23. In his application, Gaddis alleged that he was disabled due to fibromyalgia, a painful rheumatic condition of uncertain cause that is characterized by diffuse or localized pain, tenderness, and stiffness of skeletal muscles and associated connective tissue, and that is usually accompanied by fatigue.

Standard of Review; Substantial Evidence

This Court will uphold an ALJ's determination that a claimant is not disabled if the findings of fact upon which it is based are supported by substantial evidence, and if it was derived from a proper application of relevant legal standards. *See* 42 U.S.C. § 405(g); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). At no time should the Court "reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

Determination of Disability

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or

---

claim must also fail. The basis of the ALJ's conclusion that Gaddis was not disabled was that, under the fifth step of the Commissioner's sequential analysis, Gaddis could perform a full range of light work in the national economy. Thus, even if the ALJ erred in concluding that Gaddis had no past relevant work, it was harmless error and did not affect his decision.

mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the SSA. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Secretary of Health and Human Services has established a five-step sequential evaluation process for ALJs to utilize in determining whether a claimant is disabled under the SSA. *See* 20 C.F.R. §§ 404.1520, 416.920. The United States Court of Appeals for the Fifth Circuit, in *Loza v. Apfel*, succinctly summarized this evaluation process:

> The first two steps involve threshold determinations that the claimant is not presently engaged in substantial gainful activity and has an impairment or combination of impairments which significantly limits his physical or mental ability to do basic work activities. In the third step, the medical evidence of the claimant's impairment(s) is compared to a list of impairments presumed severe enough to preclude any gainful activity. If the claimant's impairment matches or is equal to one of the listed impairments, he qualifies for benefits without further inquiry. If the person cannot qualify under the listings, the evaluation proceeds to the fourth and fifth steps. At these steps, analysis is made of whether the person can do his own past work or any other work that exists in the national economy, in view of his age, education, and work experience. If he cannot do his past work or other work, the claimant qualifies for benefits.

219 F.3d 378, 390 (5th Cir. 2000) (internal citations omitted). The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national

3

economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). If at any point during the five-step review the ALJ finds the claimant disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

Although Gaddis alleges errors in nearly every step of the above analysis[4], the basic gist of his claims is that the ALJ's decision was not based on substantial evidence. This claim is without merit. As the ALJ noted throughout his decision, the record is replete with evidence of the following: normal test and x-ray results (Tr. 149, 158, 169-174); positive responses to Methadone (Tr. 182); inconsistent accounts of depression (Tr. 212); false reliance on a cane (Tr. 201); physicians' observations that Gaddis had poor motivation for improvement and could be malingering (Tr. 202); opinions that his fibromyalgia was well controlled with medication (Tr. 265; and a recent examination where he demonstrated no neurological deficit, normal grip strength, no muscle atrophy, no swelling or tenderness, and negative straight leg raising tests. (Tr. 260-265). Based on this more than substantial evidence, the ALJ did not err in concluding that Gaddis's impairment did not meet or equal those listed in 20 C.F.R § 404, Subpart P, Appx. 1, that his subjective complaints were not credible, and that he retained the ability to perform

---

[4] As an example, Gaddis devoted several pages of his brief to a review of the Commissioner's sequential five-step analysis and the alleged errors therein. At step three, Gaddis claims that the ALJ should have halted his analysis and rendered a finding of disabled because the ALJ stated that "the claimant has degenerative lumbar disc disease and history of fibromyalgia, impairments that are 'severe' withing the meaning of the Regulations . . . ." Gaddis misreads the requirements of step three, as well as the other half of the ALJ's statement: "but not 'severe' enough to meet or medically equal, either singly or in combination to one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4." As is evident from the ALJ's decision, and is confirmed by the record, Gaddis did not satisfy step three, and the ALJ properly proceeded in his analysis.

light work based on the Commission's Medical-Vocational Guidelines.

Conclusion

For the reasons stated above, it is recommended that the Commissioner's decision to deny benefits for the time period in question be **AFFIRMED**, and that this civil action be **DISMISSED** with prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 10th day of January, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE